United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALHARETH ALOUDI,

Plaintiff,

v.

INTRAMEDIC RESEARCH GROUP, LLC,

Defendant.

Case No. 15-cv-00882-HSG

**ORDER DENYING MOTION FOR STAY OF DISCOVERY**

Re: Dkt. No. 38

Pending before the Court is Defendant Intramedic Research Group, LLC's motion for stay of discovery and discovery deadlines pending ruling of the Court on Defendant's motion to dismiss Plaintiff Alhareth Aloudi's first amended complaint. Dkt. No. 38. The Court, in its discretion, finds this matter suitable for resolution without oral argument. *See* Civ. L.R. 7-1(b).

A party may seek a protective order that stays discovery pending resolution of a potentially dispositive motion pursuant to Federal Rule of Civil Procedure 26(c). *See, e.g.*, *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6)). A motion brought pursuant to Rule 26(c) "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1).

//
//
//
//
//

Defendant brings the pending motion under Rule 26(c).[1]  *See* Dkt. No. 38 at 3.  Defendant does not dispute that it failed to comply with the Rule's meet and confer requirement.  The Court accordingly DENIES the motion.

**IT IS SO ORDERED.**

Dated: October 15, 2015

*[signature]*
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Given Defendant's explicit statement that the motion is brought under Rule 26(c), Defendant's argument that the motion is a motion to stay, rather than a motion for a protective order, is irrelevant.  *See* Dkt. No. 43 at 9.  Whatever Defendant chooses to call it, the motion remains subject to Rule 26(c)'s meet and confer requirement.