UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALHARETH ALOUDI,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>INTRAMEDIC RESEARCH GROUP, LLC,<br><br>　　　　　Defendant. | Case No. 15-cv-00882-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 74, 76 |

On February 2, 2016, Plaintiff Alhareth Aloudi filed an administrative motion to file under seal the unredacted version of the Declaration of David Elliot in Support of Plaintiff's Opposition to Motion to Dismiss the Second Amended Complaint ("Elliot Declaration") and Exhibits A and B to the Elliot Declaration. Dkt. No. 70. Defendant Intramedic Research Group failed to comply with Civil Local Rule 79-5(e)(1) by filing a declaration within four days of Plaintiff's administrative motion, and accordingly, the Court denied Plaintiff's motion. Dkt. No. 72. On February 9, 2016, Plaintiff filed a renewed administrative motion to seal the Elliot Declaration and Exhibits A and B thereto. Dkt. No. 74. On February 10, 2016, Defendant filed a supporting declaration only as to Exhibit A to the Elliot Declaration. Dkt. No. 76. Accordingly, the Court GRANTS Plaintiff's administrative motion as to Exhibit A and DENIES Plaintiff's administrative motion as to the Elliot Declaration and Exhibit B.

I.　**LEGAL STANDARD**

Courts apply a "compelling reasons" standard when considering motions to seal documents like the ones at issue here. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th

1  Cir. 2006). To overcome this strong presumption, the moving party must "articulate compelling
2  reasons supported by specific factual findings that outweigh the general history of access and the
3  public policies favoring disclosure, such as the public interest in understanding the judicial
4  process." *Id.* at 1178-79 (citations, internal quotation marks, and alterations omitted). "In general,
5  'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing
6  court records exist when such 'court files might have become a vehicle for improper purposes,'
7  such as the use of records to gratify private spite, promote public scandal, circulate libelous
8  statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). The Court must
9  "balance the competing interests of the public and the party who seeks to keep certain judicial
10 records secret. After considering these interests, if the court decides to seal certain judicial
11 records, it must base its decision on a compelling reason and articulate the factual basis for its
12 ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted).

13       Civil Local Rule 79-5 further supplements the compelling reasons standard. The party
14 seeking to file a document or portions of it under seal must "establish[ ] that the document, or
15 portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection
16 under the law. . . . The request must be narrowly tailored to seek sealing only of sealable
17 material." Civil L.R. 79-5(b).

18       Records attached to motions that are only "tangentially related to the merits of a case" are
19 not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809
20 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records must meet the
21 lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 8-9.
22 The "good cause" standard requires a "particularized showing" that "specific prejudice or harm
23 will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
24 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P.
25 26(c).

26       Because a motion to dismiss is not "tangentially related to the merits of a case," the Court
27 applies the "compelling reasons" standard to Plaintiff's motion to seal.
28

## II. DISCUSSION

Plaintiff's renewed motion seeks to file under seal three documents: (1) the unredacted version of the Elliot Declaration, (2) Exhibit A to the Elliot Declaration, and (3) Exhibit B to the Elliot Declaration. Dkt. No. 74.

### A. Elliot Declaration and Exhibit B Thereto

As an initial matter, Defendant's Declaration of Steven W. Garff in support of Plaintiff's renewed administrative motion ("Garff Declaration") only addresses the justification for sealing Exhibit A to the Elliot Declaration; it does not address sealing the Elliot Declaration itself or Exhibit B. *See* Dkt. No. 76. Accordingly, the Court finds no reason to seal the Elliot Declaration or Exhibit B and DENIES Plaintiff's renewed administrative motion to the extent it seeks to file the Elliot Declaration and Exhibit B thereto under seal.

### B. Exhibit A to the Elliot Declaration

The Garff Declaration argues that there exist both good cause and compelling reasons to seal Exhibit A, which contains "confidential and proprietary business information" and trade secrets belonging to Defendant. *Id.* ¶¶ 4-5.

In California, a trade secret is "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) [d]erives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) [i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ.Code 3426.1.

The Garff Declaration contends that Exhibit A contains a comprehensive analysis of the substantiation claims for the JavaSLIM product. *See* Dkt. No. 76 ¶¶ 3, 5. According to the Garff Declaration, proper substantiation of product claims "is crucial to the supplement business" and requires a significant investment of time, money, and expertise. *Id.* ¶ 5. Defendant argues that therefore, public disclosure of Exhibit A would place Defendant at a competitive disadvantage by allowing competitors to benefit from Defendant's analysis without investing any of their own time and money. *Id.* Finally, the Garff Declaration establishes that Defendant takes reasonable efforts to maintain the secrecy of Exhibit A by never disclosing Exhibit A, its contents, or similar analysis

without strict non-disclosure agreements. *Id.* ¶ 5.

The Court agrees that Defendant has articulated compelling reasons to seal Exhibit A. The Court therefore GRANTS IN PART Plaintiff's renewed administrative motion to file under seal as it relates to Exhibit A to the Elliot Declaration.

### III. CONCLUSION

Accordingly, the Court GRANTS IN PART and DENIES IN PART Plaintiff's administrative motion to file under seal.

Pursuant to Civil Local Rule 79-5(f)(3), Plaintiff may file a revised redacted version of the Elliot Declaration and Exhibits A and B thereto in the public record within 7 days of this Order. In the revised redacted version, only Exhibit A shall be redacted. The Court will be unable to consider the document unless Plaintiff timely files a revised redacted version.

**IT IS SO ORDERED.**

Dated: February 11, 2016

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge